
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DUPREE, | No. 08-15547 |
| Petitioner - Appellant, | D.C. No. 02-CV-01160-FCD |
| v. | |
| ERNEST ROE, Warden; SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; ROBERT BELL; KAY MAULSBY; MICHAEL YARBOROUGH, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted June 14, 2010
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and PALLMEYER, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Rebecca R. Pallmeyer, United States District Judge for
the Northern District of Illinois, sitting by designation.

Christopher Dupree appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. We affirm.

The issue before us is whether the California Court of Appeal unreasonably applied federal law in holding that due process was not violated by the trial court's instructions, or failure to instruct, on the temporal requirements for felony robbery/burglary murder. *See In re Winship*, 397 U.S. 358 (1970); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). It did not. The instructions told the jurors that the killing had to occur during the commission or attempted commission of the robbery/burglary, and the murder had to be committed to carry out or advance the underlying felonies. Dupree points to no authority that being part of a "continuous transaction" is a separate element on which the jury had to be instructed. Nor, assuming dual motivations were in play, did the instructions overall fail to inform the jury that the felonious purpose could not be merely incidental, as Dupree contends. To the contrary, the jury was specifically instructed that the special circumstance could not be established if the robbery/burglary were merely incidental to commission of the murder. Thus, no *Winship* error appears.

Likewise, we cannot say the instructions upheld by the court of appeal left the entire trial so infected that Dupree's conviction offends clearly established notions of due process. Dupree requested no instructions that (in his view) would

2

have clarified or better articulated California law along the lines he now presses. Regardless, errors of California law, if any, are not cognizable on federal habeas review; and Dupree points to no clearly established federal law imposing an obligation on the trial court *sua sponte* to have given any different instructions. Under the instructions that were given, a reasonable juror would not have concluded that Dupree and the others entered the apartment just to assault Stack, but killed Lewis instead before deciding to look for the safe; and the jury could certainly find that killing Lewis advanced the purpose of the burglary.

AFFIRMED.